IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                 Case No. 10-20055-01-JWL
                                                                     16-cv-2431-JWL

**Petcio Hernandez,**

    **Defendant.**

## MEMORANDUM & ORDER

In October 2010, defendant Petcio Hernandez entered a plea of guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. The court accepted the parties' Rule 11(c)(1)(C) plea agreement and, in January 2011, sentenced Mr. Hernandez to 240 months of imprisonment. This matter is now before the court on Mr. Hernandez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Mr. Hernandez contends that he was classified as a "career offender" under the Guidelines and received an enhanced sentence that, according to Mr. Hernandez, is now improper in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) and requires that he be resentenced.

Mr. Hernandez's motion is denied for two independent reasons.[1] First, Mr. Hernandez was not sentenced under the Guidelines at all. He was sentenced pursuant to the parties' Rule

---

[1] In the plea agreement executed by Mr. Hernandez, he waived his right to collaterally attack his sentence. Nonetheless, because the motion clearly fails on the merits, the court declines to address the enforceability of the waiver in this context.

11(c)(1)(C) agreement, which expressly disavowed reliance on the Guidelines and provided for a lower sentence than the range determined by the probation officer as calculated in the Presentence Investigation Report (PSR). Any enhancements calculated in the PSR, then, had no bearing on Mr. Hernandez's sentence.

Second, even if the court had looked to the PSR in calculating Mr. Hernandez's sentence, the PSR did not apply an enhancement that has been implicated by *Johnson*. As noted by Mr. Hernandez, the PSR presentence investigation report (PSR) referenced a potential enhancement to Mr. Hernandez's sentence based on the career offender guideline, U.S.S.G. § 4B1.1. That guideline provides that a defendant is a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The Tenth Circuit has applied *Johnson* to the residual clause of the definition of a "crime of violence" under the career offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness in light of *Johnson*).

Mr. Hernandez's offense of conviction was a controlled substance offense and, as noted in the PSR, Mr. Hernandez had two prior felony convictions involving "crimes of violence." Nonetheless, the PSR did not apply or recommend the career offender enhancement because the offense level determined under the career offender guideline (37) was lower than the offense level determined under § 2D1.1 (38). Thus, the PSR used § 2D1.1 guideline as the controlling

guideline. *See* U.S.S.G. § 4B1.1(b) (explaining that the offense level under the career offender guidelines applies only if it is greater than the offense level otherwise applicable). Thus, even if the court had relied on the PSR in sentencing Mr. Hernandez (and, in light of the Rule 11(c)(1)(C) agreement, it did not), the PSR did not recommend an enhancement based on any Guideline implicated by the Supreme Court's decision in *Johnson*. *See United States v. Benton*, 2016 WL 3654436, at *2 (S.D. Ohio July 8, 2016) (*Johnson* inapplicable where career offender enhancement was overridden by application of higher offense level); *United States v. Robinson*, 2016 WL 3166870, at *2 (N.D. Fla. May 18, 2016) (same). The Supreme Court's holding in *Johnson* and, by extension, the Tenth Circuit's holding in *Madrid*, is inapplicable to Mr. Hernandez's situation.[2]

For the foregoing reasons, Mr. Hernandez is not entitled to relief based on the *Johnson* decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hernandez's motion to vacate, correct or set aside his sentence (doc. 62) is denied.

**IT IS SO ORDERED.**

Dated this 31st day of August, 2016, at Kansas City, Kansas.

---

[2] By virtue of Mr. Hernandez's classification as a career offender, his criminal history category was increased from a category V to a category VI. That increase, in turn, increased the guideline range from 324-405 months to 360 months to life. Because Mr. Hernandez received a sentence well below both of these ranges, his career offender classification had no bearing on his overall sentence.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
