## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                      Case No. 10-20055-01-JWL

Petcio Hernandez,

        Defendant.

## <u>MEMORANDUM & ORDER</u>

In October 2010, defendant Petcio Hernandez entered a plea of guilty to conspiracy to possess with intent to distribute 500 or more grams of methamphetamine. The court accepted the parties' Rule 11(c)(1)(C) plea agreement and, in January 2011, sentenced defendant to 240 months of imprisonment. He is presently incarcerated at Beaumont Medium FCI and his projected release date is July 18, 2027.

This matter is now before the court on defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (docs. 69, 75).[1] The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant

---

[1] In response to defendant's initial motion (doc. 69), the government argued, among other things, that defendant's motion should be denied because he did not submit a release plan. Defendant then filed a reply to the response, but also filed a new form motion for sentence reduction (doc. 75) for the apparent purpose of submitting a release plan. Defendant does not advance in that subsequent motion any additional grounds for release.

administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).   *Id.*[2]  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps.  *Id.*  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, declines to address the other prerequisites.

In his motion, defendant contends only that his medical conditions (one kidney; high blood pressure; polycythemia) render him particularly vulnerable to an increased risk of serious harm or death from COVID-19.  The record does not support defendant's contention.  Significantly, the record reveals that defendant, in late January 2021, tested positive for COVID-19 and his medical records state that he "did not have a severe illness requiring hospitalization."  Defendant vaguely asserts that he was "gravely ill" from COVID-19, that he has "not fully regained his health" since that infection, and that he has not "regained his full sense of taste and smell" since that infection.

---

[2] The government contends that the court should deny the motion for failure to exhaust administrative remedies because defendant has not substantiated his claim that he submitted a request to the warden.  Because the Circuit has held, albeit in an unpublished opinion, that administrative exhaustion is not jurisdictional, the court assumes without deciding that defendant exhausted his administrative remedies and proceeds to the merits of his motion.  *United States v. Watson*, 851 Fed. Appx. 136, 137 n.1 (10th Cir. 2021) ("This court has not issued a binding decision on whether exhaustion under § 3582(c)(1)(A) is a jurisdictional requirement, but unpublished decisions indicate that exhaustion is a mandatory claim-processing rule.") (citations omitted); *United States v. Rodriguez,* 2021 WL 2653245, at *2 (E.D.N.C. June 28, 2021) (assuming that defendant exhausted administrative remedies and proceeding to merits).

But there is no evidence in the record that defendant suffered any serious ill effects as a result of contracting COVID-19.  There is also no evidence in the record that he continues to suffer any significant lingering effects from the infection or that he requires ongoing medical treatment.  The fact that defendant has already contracted and recovered from COVID-19 cuts against his argument that compassionate release is warranted. *See United States v. Lee*, 849 Fed. Appx. 601, 602 (7th Cir. 2021) (district court did not abuse discretion in denying motion for compassionate release where, among other things, the defendant had recovered from an asymptomatic COVID-19 infection such that health complications from COVID-19 were unlikely); *United States v. Mackety*, 2021 WL 2345764, at *2 (6th Cir. June 8, 2021) (same); *United States v. Hays*, 2021 WL 3280729, at *3 (D. Or. July 30, 2021) (denying motion for compassionate release because defendant had already contracted and recovered from COVID-19); *United States v. Funez*, 2021 WL 168447, at *3 (D. Colo. Jan. 19, 2021) (finding it significant that the defendant had already contracted COVID-19 and recovered without incident).

Moreover, the medical records reflect that defendant is now fully vaccinated against COVID-19, having received his second dose of the Pfizer vaccine on March 15, 2021.  The overwhelming majority of district courts to consider the issue have found that vaccination against COVID-19 "changes the calculus on the 'extraordinary and compelling reasons' inquiry when defendants claim that their medical conditions place them at an increased risk for severe illness from COVID-19."  *United States v. Barnette*, 2021 WL 2805376, at *4 (D. Kan. July 6, 2021) (collecting cases).  The court agrees.  According to the CDC, "[c]urrently authorized vaccines in the United States are highly effective at protecting people against symptomatic and severe COVID-19." *See Interim Public Health Recommendations for Fully Vaccinated People*, CDC,

3

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last updated July 28, 2021). The CDC also advises that infections in fully vaccinated people "happen in only a small proportion of people who are fully vaccinated, even with the Delta variant," and that those infections "tend to be mild." *Id.* Moreover, in clinical trials, the Pfizer-BioNTech COVID-19 vaccine, which defendant received, was "95% effective at preventing laboratory-confirmed infection with the virus that causes COVID-19" in those without prior infection and "100% effective at preventing severe disease." *See Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last updated June 24, 2021). Evidence also shows that, in real-world conditions, the Pfizer vaccine reduces the risk of severe illness from COVID-19 by 90% or more. *Id.*

In summary, the evidence shows that defendant is inoculated against COVID-19 with a vaccine that is highly effective at preventing infection and that virtually eliminates the risk of severe illness in those who contract COVID-19 after vaccination. Defendant has provided no evidence or argument suggesting that, despite vaccination, he remains at an increased risk for severe illness from COVID-19. And even assuming that defendant might contract COVID-19 a second time, there is no reason to believe he would experience an adverse outcome given his experience in January and his vaccination status. *United States v. Rodriguez-Maciel*, 2021 WL 147985, at *2 (D. Kan. Jan. 15, 2021) (general fear of reinfection not sufficient to warrant compassionate release where defendant recovered from COVID-19); *United States v. Simpson*, 2021 WL 147986, at *2 (D. Kan. Jan. 15, 2021) (same). The court also finds it significant that defendant's correctional facility presently has no active cases among inmates or staff. Under these

circumstances, the court finds that defendant's medical conditions do not constitute "extraordinary and compelling reasons" warranting his release under § 3582(c)(1)(A). *See United States v. Long*, 2021 WL 3185600, at *5 (D.D.C. July 28, 2021) (fully vaccinated defendant's risk of contracting the "delta variant" of COVID-19 did not alter court's assessment of motion and did not render circumstances extraordinary and compelling; available research demonstrates that fully vaccinated individuals retain significant protection against Delta variant); *United States v. Hernandez*, 2021 WL 3192161, at *2 (C.D. Ill. July 28, 2021) (defendant's vaccination status was important because "vaccines are effective against the variants, including the Delta variant currently circulating in the United States."); *United States v. Courville*, 2021 WL 3192847, at *4 (D. Ariz. July 28, 2021) (in light of defendant's vaccinated status, the court could not conclude that defendant's current exposure to Delta variant presents extraordinary and compelling reason for release); *United States v. Johnson*, 2021 WL 3173346, at *3 (S.D. Ohio July 27, 2021) (same).

The court turns, then, to defendant's request for appointment of counsel. Defendant makes no argument in support of his request. On the form motion that he filed after the government filed its response to his initial motion, defendant simply checked the "Yes" box in response to the pre-printed statement: "I do not have an attorney and I request an attorney be appointed to help me." The court denies this request. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the

claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant. As described above, the substantive merits of defendant's motion for compassionate release do not warrant appointing counsel at this time. Moreover, defendant's pro se motion for compassionate release reflects that he is able to articulate his arguments clearly and coherently and that the factual and legal issues implicated by the motions are straightforward. Finally, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. On June 11, 2021, the Federal Public Defender notified the court that it had reviewed defendant's pro se motion for compassionate release and that it did not intend to enter an appearance on his behalf.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motions for compassionate release and his motion for appointment of counsel (docs. 69, 75) are denied.

**IT IS SO ORDERED.**

Dated this 6th day of August, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

6